IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. LILLEY, JR., <br><br> Plaintiff <br><br> v. <br><br> CATHY BAISOON JUDGE CLERK DEPUTY JUROR #8, <br><br> Defendant. | ) <br> ) <br> ) Case No. 1:22-cv-18 <br> ) <br> ) <br> ) <br> ) SUSAN PARADISE BAXTER <br> ) UNITED STATES DISTRICT JUDGE <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

**I. Plaintiff's Motion for Leave to Proceed in forma pauperis**

Plaintiff John Lilley filed a motion seeking leave to proceed in forma pauperis [ECF No. 1] along with a proposed original complaint on January 13, 2022. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

**II. Standard of Review**

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under

1

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

### III. Discussion and Review of Plaintiff's Filings

Plaintiff, a pro se litigant, filed this action on January 13, 2022.[1] The only Defendant named in this action is the Cathy Baisoon, identified by Mr. Lilley as the "Judge # Clerk Deputy Juror #8." The undersigned believes this Defendant to be District Judge Cathy Bissoon of the U.S. District Court for the Western District of Pennsylvania.

The allegations against Judge Bissoon are unintelligible and the monetary damages sought against her are fantastical.

Because he is seeking monetary damages for an alleged violation of his constitutional rights, Plaintiff's claims arise pursuant to 42 U.S.C. § 1983. To state such a claim, Plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011) (internal citation omitted).

"It is a well-settled principle of law that judges are generally immune from a suit for money damages." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000). Judicial immunity is an "immunity from suit, not just from an ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial officers are immune from damage suits arising out of their official duties. *Stump v. Sparkman*, 435 U.S. 349 (1978). "A judge will not be deprived of immunity

---

[1] Plaintiff is a prolific filer in this Court. Since May 2021, Plaintiff has initiated multiple lawsuits in this federal district court. Mr. Lilley is the subject of a Vexatious Litigant Order filed in C.A. No. 1:22-cv-7 on January 13, 2022, the same date that this action was initiated.

because the action he took was in error, was done maliciously, or was in excess of authority...." *Id.* at 356. *See also Seigert v. Gilley*, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); *In Re Montgomery County*, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial.").

Mr. Lilley is well aware that the judges are entitled to absolute judicial immunity as at least three of his lawsuits have been dismissed on this basis. Further attempts to file suit against judges or judicial employees based upon actions taken in other cases can only be viewed as an abuse of this Court.

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.,* 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008). Because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional or statutory violation based on the facts alleged in the proposed complaint against this Defendant, leave to amend is futile.

An appropriate Order follows this Memorandum Opinion.